IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH BERRY AND PAMELA BERRY, | : | CIVIL ACTION |
| Parents and Natural Guardians of | : | |
| MICHAEL BERRY, a Minor | : | |
| 466 Oak Avenue | : | |
| Melaga, NJ  08328 | : | No. |
| v. | : | |
| | : | |
| TUTHILL CORPORATION | : | **JURY TRIAL DEMANDED** |
| t/a BLUE MOUNTAIN SKI RESORT | : | |
| 1660 Blue Mountain Drive | : | |
| Palmerton, PA  10871 | : | |

# COMPLAINT

## JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to Title 28 of the United States Code, §1332, as there is complete diversity and the amount in controversy exceeds One Hundred Fifty Thousand Dollars ($150,000.00), exclusive of interest and costs.

## VENUE

2. Venue is appropriate under 28 United States Code §§1332 and 1391, because defendant, Tuthill Corporation is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania.

## PARTIES

3. Plaintiffs, Joseph and Pamela Berry, Parents and Natural Guardians of Michael Berry, a Minor, claim of defendant, Tuthill Corporation t/a Blue Mountain, a sum in excess of $150,000.00 in compensatory damages upon causes of action wherein the following are true statements:

4. Plaintiffs, Joseph and Pamela Berry, are adult individuals residing at 466 Oak Avenue, Melaga, NJ 08328.

5. Joseph and Pamela Berry are the Parents and Natural Guardians of Michael Berry, a minor.

6. Defendant, Tuthill Corporation, t/a Blue Mountain Ski Resort (hereinafter referred to as "Blue Mountain"), is a corporation, existing under and by virtue of the laws of the Commonwealth of Pennsylvania, with its principal place of business located at 1660 Blue Mountain Drive, Palmerton, PA 10871.

## FACTUAL BACKGROUND

7. Delaware River and Bay Authority sponsored and organized a ski trip to defendant, Blue Mountain Ski Resort.

8. Defendant, Blue Mountain, supplied Michael Berry, a minor, with ski equipment for the day of January 30, 2001.

9. Prior to skiing the slopes of Blue Mountain, Michael Berry, a minor, enrolled and participated in a ski school on the premises of Blue Mountain which was conducted by a representative of defendant, Blue Mountain.

10. On the date and at the place aforesaid, Michael Berry, a minor, suffered severe, devastating and permanent personal injuries when he struck a tree at defendant, Blue Mountain Ski Resort.

11. According to the United States Consumer Product Safety Commission, in 1997 there were an estimated 12,700 head injuries associated with skiing accidents.

12. According to the United States Consumer Product Safety Commission head injuries account for approximately 22% of all skiing injuries suffered by children under the age of fifteen.

13. Head injuries are one of the leading causes of serious injuries and death associated with skiing.

14. Defendant knew or should have known that head injuries are one of the leading causes of serious injury or death associated with skiing.

15. Although defendant knew or should have known that head injuries are one of the leading causes of serious injury or death associated with skiing, defendant failed to provide, require or recommend a helmet for use while skiing.

16. On the date and at the place aforesaid, Michael Berry, a minor, while properly and lawfully skiing at defendant, Blue Mountain, sustained the serious injuries hereinafter set forth, when he hit a tree and suffered a traumatic brain injury, due to the negligence, carelessness and other liability-producing conduct of the defendant by and through its agents, servants, workmen, contractors and/or employees, acting within the course and scope of their employment with said defendant.

## COUNT I – STRICT PRODUCT LIABILITY

### JOSEPH AND PAMELA BERRY, PARENTS AND NATURAL GUARDIANS OF MICHAEL BERRY, A MINOR v. TUTHILL CORPORATION T/A BLUE MOUNTAIN SKI RESORT

17. Plaintiffs hereby incorporate by reference paragraphs 1 through 16 of this Complaint, the same as if set forth fully hereinafter.

18. Plaintiffs aver that defendant, Blue Mountain, by and through its agents, servants, workers, contractors, designers, assemblers, manufacturers, sellers, suppliers and distributors, is strictly liable under § 402(A) of the Restatement of the Law of Torts (Second) because:

    a. Defendant is engaged in the business of renting, distributing and supplying ski equipment;

    b. The ski equipment involved in the plaintiff's accident was marketed and placed in the general stream of commerce by the defendant;

    c. Said ski equipment was expected to and did reach the users including Michael Berry, a minor, without substantial change in the condition in which it was rented, distributed and/or supplied; and

    d. Said ski equipment was rented, distributed and/or supplied in a defective condition by the defendant for the reasons set forth in paragraph 20 below.

19. Plaintiffs aver that defendant, Blue Mountain, by and through its agents, servants, workers, contractors, designers, assemblers, manufacturers, sellers, suppliers and distributors, is strictly liable under § 402(A) of the Restatement of the Law of Torts (Second) by:

    (a) renting, supplying and/or distributing a product in a defective condition;

(b) renting, supplying and/or distributing a product that was unreasonably dangerous to its users;

(c) renting, supplying and/or distributing a product which was not safe for its intended and represented purposes;

(d) failing to have adequate warnings on the product;

(e) failing to provide adequate warnings to the ultimate users of the product;

(f) renting, supplying and/or distributing a product which lacked all the necessary safety features to protect users of said product;

(g) failing to either know of prior accidents and injuries with the product and/or failing to correct and prevent the same accidents and injuries from reoccurring;

(h) renting, supplying and/or distributing a product which could have been designed more safely;

(i) renting, supplying and/or distributing a product with parts and/or components that could cause serious injury;

(j) violating applicable state, local and/or industry standards;

(k) renting, supplying and/or distributing a product that could accommodate components that were unsafe;

(l) failing to adequately and properly test said product after its design and/or assembly;

(m) failing to investigate, retain and analyze prior accident information;

(n) failing to ensure that ultimate users were advised of the dangers of said product and how to use the product safely and to avoid injury;

(o) renting, supplying and distributing ski equipment without a proper helmet;

(p) renting, supplying and distributing ski equipment that did not contain warnings regarding the danger of using ski equipment without a proper helmet;

(q) failing to properly warn the ski equipment users of the dangers of skiing without a proper helmet;

(r) improperly and/or inadequately training and/or supervising their employees;

(s) failing to exercise reasonable care under the circumstances;

(t) failing to properly instruct the users of the ski equipment in its safe operation;

(u) failing to instruct the users of the ski equipment of the dangers of using said equipment in poor visibility;

(v) failing to properly warn users of ski equipment of the dangers of using said equipment in poor visibility;

(w) renting, supplying and/or distributing ski equipment in an otherwise defective condition which will become more apparent through discovery;

(x) failing to require that renters of ski equipment wear proper helmets;

(y) failing to rent and supply a proper helmet;

(z) failing to require that children wear proper helmets;

(aa) failing to provide consumers with accident information from industry groups or others concerning head injuries sustained while skiing; and

(bb) by conducting themselves as aforesaid, defendant's actions and/or inactions were substantial factors and increased the risk to Michael Berry, a minor.

20. By reason of defendant's breach of its duties under §402A of the <u>Restatement of the Law of Torts(Second)</u>, as aforesaid, Michael Berry, a minor, has sustained serious and permanently disabling personal injuries:  he suffered a severe brain injury; he suffered a fractured skull; he suffered a right parietal skull fracture; he suffered a hemorrhage in the right thalamus; he suffered a left parietal subarachnoid hemorrhage; he suffered a left thalamic shear injury; he was forced to undergo a tracheostomy; he was forced to suffer the placement of a gastrostomy tube; he suffered the placement of a right frontal ventriculostomy; he suffered a staph infection in his sputum; he suffers from severely impaired short term memory; he suffered a bilateral occipital bone fracture; he was forced to undergo speech, occupational and physical therapy; he was hospitalized in Lehigh Valley Hospital from January 30, 2001 until February 12, 2001; he remained unconscious until February 14, 2001; he was hospitalized in Voorhees Pediatric Hospital from February 12, 2001 until April 18, 200; he suffers from a limited attention span; he suffered from depression; he suffered through numerous surgeries; he underwent multiple diagnostic procedures including x-rays, CT Scans, EMG's, and MRI's;  he has had physical therapy, exercise programs and manipulation; he has been prescribed and taken numerous medications with adverse side effects; he has sustained other emotional, neurological or orthopedic injuries, the full extent of which have yet to be determined; he has in the past been required and may in the future continue to require medical care, medicine and treatment; he has in the past and may in the future continue to incur expenses for his medical care and treatment; he has in the past suffered and will in the future continue to suffer agonizing aches, pains and mental anguish; he has sustained a loss of earnings and a loss of earnings capacity; he has sustained a loss of enjoyment of life, loss of life's pleasures and loss of life's hedonic pleasures;

he has in the past and may in the future continue to be disabled from performing his duties, occupations and avocations, all to his great loss and detriment.

WHEREFORE, plaintiffs, Joseph and Pamela Berry, as Parents and Natural Guardians of Michael Berry, a minor, claim of defendant, a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00) in compensatory damages, exclusive of interest, costs, counsel fees and delay damages and bring this action to recovery the same.

## COUNT II – NEGLIGENCE

### JOSEPH AND PAMELA BERRY, PARENTS AND NATURAL GUARDIANS OF MICHAEL BERRY, A MINOR v. TUTHILL CORPORATION

21. Plaintiffs incorporate herein by reference paragraphs 1 through 20 of this Complaint, the same as if set forth fully hereinafter.

22. Plaintiffs aver that defendant, Tuthill Corporation t/a Blue Mountain, by and through its agents, servants, workers and/or employees, was careless and negligent in:

    a. failing to provide Michael Berry a safe place in which to ski;

    b. failing to properly and adequately inspect Blue Mountain Ski Resort for hazardous conditions;

    c. failing to provide beginner skiers with a proper helmet;

    d. failing to properly and adequately warn skiers of the dangers of skiing without a proper helmet;

    e. permitting skiers to continue to use ski slopes in heavy fog;

    f. permitting to skiers to continue to use ski slopes in poor visibility;

    g. failing properly and adequately to warn the plaintiff of the danger of skiing in poor visibility;

    h.    failing to properly and adequately instruct the plaintiff on the use of ski equipment;

    i.    conducting a ski instruction program which was inadequate;

    j.    failing to properly and adequately instruct the plaintiff on which slopes were appropriate for beginner skiers;

    k.    permitting the plaintiff to ski on slopes which were not appropriate for his skill level;

    l.    failing properly and adequately to advise skiers of the dangers associated with skiing on slopes not appropriate for their skill level;

    m.    failing to require that skiers ski with a proper helmet;

    n.    failing to offer proper helmets as safety equipment;

    o.    failing to clearly identify slopes for beginner skiers;

    p.    failing to properly and adequately mark the boundaries of said trail;

    q.    failing to properly and adequately fence the boundaries of the trail;

    r.    failing to properly and adequately train ski instructors;

    s.    failing to have an adequate ski instruction program;

    t.    failing to adopt, enact, employ and enforce proper and adequate safety programs, precautions, procedures, measures and plans;

    u.    failing to hire competent employees and ski instructors;

    v.    by conducting themselves as aforesaid, defendants' actions and/or inactions were substantial factors and increased the risk of harm to Michael Berry, a minor;

    w.    failing to require that all children in its ski program wear helmets.

23. By reason of the carelessness and negligence of defendant, as aforesaid, Michael Berry, a minor, sustained the serious and permanently disabling injuries previously set forth in paragraph 20.

WHEREFORE, plaintiffs, Joseph and Pamela Berry, as Parents and Natural Guardians of Michael Berry, a minor, claim of defendant, Tuthill Corporation t/a Blue Mountain, a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00) in compensatory damages, exclusive of interest, costs, counsel fees and delay damages and bring this action to recovery the same.

SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.


BY:_____
    ROBERT J. MONGELUZZI
    MICHAEL J. HOPKINS

    1878 East Route 70, Suite 9
    Cherry Hill, NJ  08003
    (856) 751-8383

    Attorneys for Plaintiffs,
    Joseph and Pamela Berry, Parents and Natural
    Guardians of Michael Berry, a Minor